1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CARLOS ALBERTO RINCON NINO,                Case No.  1:25-cv-1714-TLN-JDP (P)

12                          Petitioner,

13          v.                                   ORDER

14    WARDEN, *et al.*,

15                          Respondents.

16

17          Petitioner, an immigration detainee who is representing himself, filed a petition for a writ

18    of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner has also filed an application to proceed

19    *in forma pauperis*, ECF No. 2, and a motion for appointed counsel, ECF No. 3.[1]  The court has

20    conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas

21    Corpus Cases Under Section 2254.[2]

22          Petitioner's motion for the appointment of counsel, ECF No. 3, will also be granted.  In

23    light of the complexity of the legal issues involved, the court has determined that the interests of

24    justice require the appointment of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt*

25    _____

26          [1] Petitioner filed a motion to proceed *in forma pauperis*, ECF No. 2, but also paid the
      $5.00 filing fee.  Accordingly, his motion will be denied as moot.

27          [2] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a
      district court to apply any or all of the rules to other types of habeas corpus petitions including

28    § 2241 petitions.

                                        1

1   *v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Within seven days of this order, the appointing

2   authority for the Eastern District of California shall identify counsel and send counsel's contact

3   information to ncannarozzi@caed.uscourts.gov, and counsel will be added as counsel for

4   petitioner.  If counsel is not a member of the Eastern District of California Criminal Justice Act

5   Panel, within seven days of this Order the Federal Defender shall file a motion to appoint counsel

6   as CJA counsel *pro hac vice*.

7            In accordance with the above, IT IS HEREBY ORDERED that:

8            1.  Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is DENIED as moot

9   in light of his payment of the filing fee.

10           2.  Petitioner's request for appointment of counsel, ECF No. 3, is GRANTED.

11           3.  The Clerk of the Court shall serve a copy of this order together with a copy of

12  petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the Federal

13  Defender, Attention: Habeas Appointment.

14           4.  Within seven days of this order, the appointing authority for the Eastern District of

15  California shall identify counsel and send counsel's contact information to

16  ncannarozzi@caed.uscourts.gov, and counsel will be added as counsel for petitioner.  If counsel

17  is not a member of the Eastern District of California Criminal Justice Act Panel, within seven

18  days of this Order the Federal Defender shall file a motion to appoint counsel as CJA counsel *pro*

19  *hac vice*.

20           5.  The Clerk of the Court shall serve a copy of this order together with a copy of

21  petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United

22  States Attorney.

23           6.  Within seven days of petitioner's counsel appearing, the parties shall file a joint status

24  report addressing any motions the parties anticipate filing and a proposed briefing schedule for

25  such motions.

26           7.  In order to ensure this court's jurisdiction to resolve the pending § 2241 petition,

27  respondent shall not transfer petitioner to another detention center outside of this judicial district,

28  pending further order of the court.  *See* 28 U.S.C. § 1651(a) (establishing the All Writs Act which

empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions. . . ."); *see also F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"); *E-C-R v. Noem*, No. 25-cv-1230-SI, 2025 WL 2300543, at *1 n.1 (D. Or. July 16, 2025) ("Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo.").

IT IS SO ORDERED.

Dated:    December 8, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE