UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALBERTO RINCON NINI, | Case No. 1:25-cv-1714-JDP |
| Petitioner, | |
| v. | ORDER |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, | |
| Respondents. | |

Petitioner Carlos Alberto Rincon Nini, an asylum applicant who has lived in the United States since 2022, was arrested and re-detained by Immigration and Customs Enforcement. He has filed a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his re-detention without a hearing violates the Fifth Amendment and seeking release from ICE's custody. Petitioner has now filed a motion for a temporary restraining order, which also seeks his immediate release. ECF No. 15. In their opposition, respondents state that they do not oppose treating petitioner's motion as one for a preliminary injunction. ECF No. 16 at 1. They also request that, in the event the court is inclined to grant a preliminary injunction, it should "enter final judgment granting the petition for writ of habeas corpus on the merits." *Id*. Lastly, respondents concede that "there are no factual or legal issues in this case that render it distinct from the Court's prior" decisions in similar cases. *Id.* at 3.

Given respondent's concession that the instant action does not present facts or legal issues distinct from those addressed in this court's recent orders in other immigration cases, the court finds that petitioner is entitled to preliminary injunctive relief on his procedural due process claim for reasons set forth in *Dominguez v. Noem*, 1:25-cv-1577-JDP, 2025 WL 3268507 (E.D. Cal. Nov. 24, 2025), and *Bekler v. Noem*, 1:25-cv-1961-JDP, 2026 WL 25508 (E.D. Cal. Jan. 5, 2026).[1]  However, rather than grant petitioner's motion, the court will, as requested by respondents, grant the petition on the same basis.

Accordingly, it is hereby ORDERED that:

1. The petition for writ of habeas corpus, ECF No. 1, is GRANTED.

2. Respondents are ordered immediately to release petitioner from their custody under conditions no stricter than those to which he was subject to prior to his June 27, 2025 detention.

3. By no later than January 22, 2026, respondents shall file a declaration verifying that petitioner has been released.

4. Respondents are enjoined and restrained from re-detaining petitioner, absent exigent circumstances, without first providing petitioner with written notice and a pre-detention hearing before a neutral adjudicator.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present.

5. Petitioner's motion for a temporary restraining order, ECF No. 15, is DENIED as moot.

6. The Clerk of Court is directed to close this case.

---

[1] In his motion for a temporary restraining order, petitioner argues that he is likely to succeed on the merits because his detention without a hearing violates both his substantive and procedural due process rights. ECF No. 15-1 at 11-14. Based on its reading of the petition, which was filed prior to petitioner obtaining counsel, the court finds that petitioner alleges only a procedural due process claim. *See generally* ECF No. 1. Accordingly, the court is unpersuaded by the motion's substantive due process arguments.

IT IS SO ORDERED.

Dated:    January 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3